UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>Defendant. | No. 1:20-cv-01018-AWI-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS[1]<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>(Doc. No. 20) |

Petitioner Colton James Rood, a state prisoner, has pending a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). After being directed to show cause why the petition should not be granted, respondent filed a motion to dismiss. (Doc. No. 20). Petitioner filed an opposition to the motion to dismiss and respondent filed a reply. (Doc. Nos. 23, 28). For the reasons stated below, the undersigned recommends that respondent's motion to dismiss be granted and the petition be dismissed as unexhausted.

I.  BACKGROUND

Petitioner initiated this case on June 28, 2019 by filing the instant petition. (Doc. No. 1).

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

Petitioner is currently serving a term of years prison sentence for his conviction for committing a lewd act with a child under the age of 14. (Doc. 20-1 at 8). While incarcerated, petitioner was charged with indecent exposure and was issued a prison rule violation report. (Doc. No. 1 at 1). At the July 1, 2018 rule violation hearing, petitioner was found guilty of the violation and was sanctioned with the loss of 150 days of good time credit. (*Id.*). Petitioner claims that his rule violation hearing was unfair. (*See generally* Doc. 1). Specifically, petitioner claims that the prison staff was biased against him, that false information was presented at the hearing, that he was prevented from presenting witnesses in his defense, and that the hearing officer used the incorrect standard of review. (*Id.* at 5-10). As relief, petitioner seeks to have his finding of guilt to the rule violation overturned and expunged from his record, as well as monetary damages for "this injustice." (*Id.* at 15).[2]

Petitioner appealed his guilty finding to the third level of his prison's administrative review process. (*Id.* at 6). While petitioner filed two unrelated state habeas petitions in the state court,[3] he acknowledges that he did not seek state court review of his claims concerning his rule violation hearing. (*Id.* at 5). Respondent moves to dismiss the petition on the grounds that petitioner has failed to exhaust his claims before the state courts. (*See generally* Doc. No. 20).

II.   APPLICABLE LAW AND ANALYSIS

A petitioner in state custody who wishes to proceed on a federal petition for a writ of habeas corpus must exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b)(1). Exhaustion is a "threshold" matter that must be satisfied before the court can consider the merits of each claim. *Day v. McDonough*, 547 U.S. 198, 205 (2006). The exhaustion doctrine is based on comity and permits the state court the initial opportunity to resolve any alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

---

[2] Money damages are not available in a habeas action. To the extent petitioner contends his constitutional rights were violated and seeks monetary damages, he must file a civil rights complaint under 42 U.S.C. § 1983. *See Preiser v.* Rodriguez, 411 U.S. 475, 500 (1973); *Muhammad v. Close,* 540 U.S. 749, 750 (2004).

[3] In his unrelated state court habeas petitions, petitioner attacks his underlying criminal conviction on Sixth Amendment right to counsel grounds. (*See* Doc. No. 20-1 at 2-23, 38-59, 61-79).

1    To satisfy the exhaustion requirement, petitioner must provide the highest state court with a full
2    and fair opportunity to consider each claim before presenting it to the federal court.  *See*
3    *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995).
4    The burden of proving exhaustion rests with the petitioner.  *Darr v. Burford*, 339 U.S. 200, 218
5    (1950) (overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)).  A failure to
6    exhaust may only be excused where the petitioner shows that "there is an absence of available
7    State corrective process" or "circumstances exist that render such process ineffective to protect
8    the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

9         In California, inmates challenging prison disciplinary sanctions must exhaust both their
10   administrative remedies at their place of incarceration and their judicial remedies through state
11   writs of habeas corpus before seeking federal habeas relief.  *See Johnson v. Mojica*, No.
12   H042496, 2016 Cal. App. Unpub. LEXIS 6178, at *26 (Cal. App. 4th 2016) ("There is an
13   adequate remedy in the ordinary course of law for inmate challenges to prison discipline after
14   the exhaustion of administrative remedies: a writ of habeas corpus."); *Roundtree v. Carey*, No.
15   CIV S-05-2061-LKK-CMK-P, 2005 U.S. Dist. LEXIS 31522, at *5 (E.D. Cal. 2005) ("Petitioner
16   must first seek to have the rules violation determination invalidated via state habeas proceedings
17   before returning to the federal court.").

18        Here, petitioner concedes that did not exhaust his claims in the state court.  (Doc. No. 1 at
19   5).  Petitioner claims he did not seek state court review of his claims because he feared that
20   certain state court judges would retaliate against him for seeking relief and he would not get a fair
21   hearing.  (*Ibid*.).  Petitioner's explanation based on his unsubstantiated distrust in the state judicial
22   process does not excuse his failure to exhaust his claims—he has neither shown there is an
23   absence of state corrective process, nor has he shown that circumstances exist that render the state
24   habeas process ineffective.  If petitioner has proof that might persuade the court to find otherwise,
25   he should present such evidence in his response to these findings and recommendations.  Because
26   petitioner has failed to exhaust his claims, the undersigned recommends the respondent's motion
27   to dismiss be granted and the petition be dismissed.
28

III.     CERTIFICATE OF APPEALABILITY

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 Governing § 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, petitioner has not made a substantial showing of the denial of a constitutional right.  Thus, the court recommends that the court not issue a certificate of appealability.

Accordingly, it is RECOMMENDED:

1.  Respondent's motion to dismiss (Doc. No. 20) be granted and the petition be dismissed.

2.   Petitioner be denied a certificate of appealability.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  March 16, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE