1

2

3

4

# UNITED STATES DISTRICT COURT

5

## FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7    **COLTON JAMES ROOD,**

8                    **Petitioner,**

9          **v.**

10   **DEPARTMENT OF CORRECTIONS,**

11                  **Respondent.**

12

13

**Case No.  1:20-cv-01018-AWI-HBK (HC)**

**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE**

(Doc. No. 32)

14          Petitioner Colton James Rood is a state prisoner proceeding in propria persona with a

15   petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. No. 1.  On March 17, 2021,

16   the magistrate judge assigned to the case issued findings and recommendations to dismiss the

17   petition.  Doc. No. 32.  These findings and recommendations were served on all parties and

18   contained notice that any objections were to be filed within thirty days from the date of service of

19   that order.  Id. at 4.  Petitioner filed objections to the findings and recommendations, and

20   Respondent Department of Corrections filed a reply.  Doc. Nos. 40 & 42.

21          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a

22   de novo review of the case.  Having carefully reviewed the entire file, including Petitioner's

23   objections and Respondent's reply, the Court concludes that the magistrate judge's findings and

24   recommendations are supported by the record and proper analysis.

25          In addition, the Court declines to issue a certificate of appealability.  A state prisoner

26   seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of

27   his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537

28   U.S. 322, 335–36 (2003).  The controlling statute in determining whether to issue a certificate of

1    appealability provides as follows:

2        (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
         district judge, the final order shall be subject to review, on appeal, by the court of
3        appeals for the circuit in which the proceeding is held.

4        (b) There shall be no right of appeal from a final order in a proceeding to test the
         validity of a warrant to remove to another district or place for commitment or trial
5        a person charged with a criminal offense against the United States, or to test the
         validity of such person's detention pending removal proceedings.
6
         (c)
7
             (1) Unless a circuit justice or judge issues a certificate of appealability, an
8            appeal may not be taken to the court of appeals from—

9                (A) the final order in a habeas corpus proceeding in which the
                 detention complained of arises out of process issued by a State
10               court; or

11               (B) the final order in a proceeding under section 2255.

12           (2) A certificate of appealability may issue under paragraph (1) only if the
             applicant has made a substantial showing of the denial of a constitutional
13           right.

14           (3) The certificate of appealability under paragraph (1) shall indicate which
             specific issue or issues satisfy the showing required by paragraph (2).
15

16   28 U.S.C. § 2253.

17        If a court denies a petitioner's petition, the court may only issue a certificate of

18   appealability when the petitioner makes a substantial showing of the denial of a constitutional

19   right.  § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable

20   jurists could debate whether (or, for that matter, agree that) the petition should have been resolved

21   in a different manner or that the issues presented were 'adequate to deserve encouragement to

22   proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463

23   U.S. 880, 893 & n.4 (1983)).

24        In this case, the Court finds that Petitioner has not made the required substantial showing

25   of the denial of a constitutional right to justify the issuance of a certificate of appealability.

26   Reasonable jurists would not find the Court's determination that Petitioner is not entitled to

27   federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.

28   Thus, the Court will decline to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.   The findings and recommendations (Doc. No. 32) issued on March 17, 2021, are ADOPTED in full;

2.   The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED;

3.   The Clerk of Court shall ENTER judgment and CLOSE the file; and

4.   The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   August 4, 2021

SENIOR  DISTRICT  JUDGE